**Baljit Singh DHANOTA, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 05–75978.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2010.*

Filed April 7, 2010.

James Todd Bennett, Esq., El Cerrito, CA, for Petitioner.

*See* Fed. R.App. P. 34(a)(2).

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, RM 10–0101, U.S. Department of Justice Northern District of California, San Francisco, CA, Nancy E. Friedman, Esq., Daniel E. Goldman, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

## MEMORANDUM **

Petitioner Baljit Singh Dhanota seeks review of a decision by the Board of Immigration Appeals that held that his state felony conviction for possession of methamphetamine with intent to sell, in violation of California Health and Safety Code § 11378, was a "drug trafficking crime" which constitutes an "aggravated felony" under federal law, rendering him statutorily ineligible for cancellation of removal. Dhanota argues that "drug trafficking crime," as defined by 8 U.S.C. § 1101(a)(43)(B), requires the use of a firearm and thus the state criminal statute, which has no such element, is broader than the federal statute. He relies in particular on the reference in § 1101(a)(43)(B) to 18 U.S.C. § 924(c) as a whole, arguing that because § 1101(a)(43)(B) fails to contain a more precise reference to § 924(c)(2), Congress intended to incorporate all subsections of § 924(c) in the definition of "drug trafficking crime." We rejected exactly this argument in our recent decision in

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Lopez–Jacuinde v. Holder,* 600 F.3d 1215 (9th Cir.2010).

PETITION DENIED.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36–3.